United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Sekwanna Victor, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-61185-Civ-Scola |
| | ) |
| Seminole Gaming, Defendant. | ) |

### Order Striking Complaint with Leave to Amend

This matter is before the Court upon Plaintiff Sekwanna Victor's application to proceed *in forma pauperis*. (ECF No. 3.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Victor's motion to proceed without prepaying her fees or costs (**ECF No. 3**); however, at the same time, the Court **strikes** her complaint, **with leave to amend**, for the reasons set forth below.

**1. Background**

Victor, proceeding pro se, identifies her grievances as "discrimination," "harassment," "retaliation," and a "hostile work environment" at the hands of her former employer, Defendant Seminole Gaming. (Compl., ECF No. 1, 1.) Victor worked at various locations for Seminole Gaming as a bartender and server. (Compl. at 3.) She alleges she experienced discrimination in hiring at the Hard Rock Casino and at the Classic Casino. (*Id.*) Further, she alleges she experienced discrimination via retaliatory termination of a worker's compensation claim, though it is unclear from the complaint in which casino Victor worked when this happened. (*Id.*)

It appears Victor submitted a claim to the U.S. Equal Employment Opportunity Commission regarding her grievances which was dismissed. (EEOC Not., ECF No. 1, 5.) In the EEOC's notice of dismissal, which Victor attaches to her complaint, the EEOC notes that "the Respondent," presumably the Defendant in this case, "is a private membership club or tribal entity." (*Id.*)

**2. Legal Standard**

28 U.S.C. § 1915(e)(2)(B) confers discretion on a district court to dismiss an *in forma pauperis* action if certain defects are evident from the complaint:

> Notwithstanding any filing fees, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or

      malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

"A complaint is 'frivolous' under § 1915 where there is no subject matter jurisdiction." *Jackson v. Lehern McGovern Bovis, Inc.*, 1:16-CV-02987-CAP, 2017 WL 11144693, at *2 (N.D. Ga. Feb. 13, 2017), *report and recommendation adopted,* 1:16-CV-2987-CAP, 2017 WL 11150834 (N.D. Ga. Mar. 3, 2017) (citing *Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238–39 (11th Cir. Dec. 17, 2009) and *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking)).

### 3. Analysis

The doctrine of tribal sovereign immunity "is settled law" concerning the Court's subject matter jurisdiction over the sovereign Native American tribes. *Longo v. Seminole Indian Casino-Immokalee*, 110 F. Supp. 3d 1252, 1253 (M.D. Fla 2015); *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751 (1999). Tribal sovereign immunity protects tribes from suit. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978). The United States Supreme Court and the Eleventh Circuit Court of Appeals have held that even nongovernmental, purely commercial tribal enterprises are entitled to this immunity if they function "as an arm of a tribe." *Alabama v. PCI Gaming Authority*, 801 F.3d 1278, 1288 (11th Cir. 2015); *Kiowa Tribe*, 523 U.S. at 755. Tribal sovereign immunity may only be surmounted in two narrow situations: (1) where there exists clear congressional abrogation of tribal sovereign immunity, or (2) where a tribe expressly waives its right to tribal sovereign immunity. *Kiowa*, 523 U.S. at 754.

General congressional statutes with broad applicability presumptively govern tribes and tribal entities unless there exists some superseding indication that Congress intended their exclusion. *Florida Paraplegic Assos., Inc. v. Miccosukee Tribe of Indians of Florida,* 166 F.3d 1126, 1129 (11th Cir. 1999). However, "because a statute can apply to an entity without authorizing private enforcement actions against that entity," a generally applicable congressional statute may govern tribes and their entities without abrogating the tribe's sovereign immunity. *Id.* at 1128.

The Eleventh Circuit has held, as set forth in *Florida Paraplegic Assos., Inc. v. Miccosukee Tribe of Indians of Florida*, that although tribes and tribal entities are governed by the Americans with Disabilities Act, Title III of the Act did not create a private cause of action against them. *Id.* at 1131. There, the Court concluded that the Miccosukee Tribe had not waived its immunity

generally or to the particular suit in question, so the suit could not proceed without clear indication of abrogation from Congress. *Id.* The court found that "no support" existed in the ADA for a finding that Congress had waived tribal sovereign immunity. *Id.* at 1132. Nor are tribal entities subject to suit under Title VII. *Mastro v. Seminole Tribe of Florida*, 578 F. App'x 801, 803 (11th Cir. 2014). Indeed, "Congress chose to expressly exempt . . . tribes from Title VII's definition of 'employer'" altogether. *Id.* at 802.

Thus, while the Civil Rights Act and the ADA are both generally applicable, neither statute abrogates tribal sovereign immunity, and neither one permits individuals to sue tribes as a means of enforcement. The Court would therefore only have subject-matter jurisdiction over claims alleging violations of the Civil Rights Act or the ADA in situations where a Native American tribe expressly waives its right to tribal sovereign immunity to subject itself and its entities to suit.

Here, Victor's own complaint indicates that Seminole Gaming is federally recognized as an arm of the tribe, thus entitling it to tribal sovereign immunity. (See Compl. at 5). The EEOC form dismissing Victor's workers compensation claim, attached to her complaint, appears to categorize Seminole Gaming as a "tribal entity" and cites this as the reason behind its dismissal of Victor's claim (*Id.*) To transcend Seminole Gaming's tribal sovereign immunity, Victor would need to show in her complaint that either the Seminole Tribe has waived its immunity generally to suits brought under these statutes or to this particular suit, or that there exists clear indication of abrogation of tribal sovereign immunity from Congress. She has shown neither.

Because Victor's pleading indicates the Court lacks subject-matter jurisdiction over this case, the Court **strikes** her complaint (**ECF No. 1**). If Victor believes she can allege, <u>in good faith</u>, facts establishing the Court's subject-matter jurisdiction over this matter, she must **file an amended complaint on or before August 16, 2023**. If she fails to file an amended complaint by that date or if the amended complaint fails to provide the **facts** necessary to establish subject matter jurisdiction over the case, the Court may dismiss the case on that date without prejudice.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions, not

including Victor's motion to proceed *in forma pauperis*, are **denied as moot**.

**Done and ordered**, in Miami, Florida, on July 25, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy, via email, to*:
**Sekwanna Victor**
sekwanna@yahoo.com